**Exhibit B**

| | |
|---|---|
| 1 | |
| 2 | |

GEORGE A. ZELCS (*pro hac vice*)
gzelcs@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

KARMA M. GIULIANELLI (SBN 184175)
karma.giulianelli@bartlitbeck.com
GLEN E. SUMMERS (SBN 176402)
glen.summers@bartlitbeck.com
JAMESON R. JONES (*pro hac pending*)
Jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140

*Counsel for Plaintiffs and the Proposed Class
in Carr v. Google LLC, et al.*

STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Counsel for Plaintiffs and the Proposed Class
in Pure Sweat Basketball, Inc. v. Google LLC,
et al.*

BONNY E. SWEENEY (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

*Counsel for Plaintiffs Peekya App Services,
Inc. and the Proposed Class*

PEGGY J. WEDGWORTH (*pro hac vice*)
pwedgworth@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Counsel for Plaintiffs and the Proposed
Class in Bentley v. Google LLC, et al.*

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc. in
Epic Games, Inc. v. Google LLC, et al.*

BRIAN C. ROCCA (221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Counsel for Defendants Google LLC,
Google Ireland Limited, Google
Commerce Ltd., Google Asia Pacific Pte.
Ltd. and Google Payment Corp.*

[Additional counsel appear on signature page]

Case Nos.: 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD

[PROPOSED] PROTECTIVE ORDER

1
2
3 **UNITED STATES DISTRICT COURT**
4 **NORTHERN DISTRICT OF CALIFORNIA**
5 **SAN FRANCISCO DIVISION**
6

| | |
|---|---|
| 7 EPIC GAMES, INC.,<br>    Plaintiff, | Case No. 3:20-cv-05671-JD |
| 8 | |
| 9    vs. | |
| 10 GOOGLE LLC et al.,<br>    Defendants. | |
| 11 MARY CARR, et al.,<br>    Plaintiffs, | Case No. 3:20-cv-05761-JD |
| 12 | |
| 13    vs. | |
| 14 GOOGLE LLC et al.,<br>    Defendants. | |
| 15 PURE SWEAT BASKETBALL, INC., et. al,<br>    Plaintiffs, | Case No. 3:20-cv-05792-JD |
| 16 | |
| 17    vs. | |
| 18 GOOGLE LLC et al.,<br>    Defendants. | |
| 19 PEEKYA APP SERVICES, INC., et. al,<br>    Plaintiffs, | Case No. 3:20-cv-06772-JD |
| 20 | |
| 21    vs. | |
| 22 GOOGLE LLC et al.,<br>    Defendants. | |
| 23 DIANNE BENTLEY, et. al,<br>    Plaintiffs, | Case No. 4:20-cv-07079-JD |
| 24    vs. | **[PROPOSED] PROTECTIVE ORDER** |
| 25 GOOGLE LLC et al.,<br>    Defendants. | Judge:  Hon. James Donato |
| 26 | |
| 27 | |

28

1   **1.**     **PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the Parties hereby stipulate to and petition the Court to enter the following

6   Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket

7   protections on all disclosures or responses to discovery and that the protection it affords from

8   public disclosure and use extends only to the limited information or items that are entitled to

9   confidential treatment under the applicable legal principles. The Parties further acknowledge, as

10  set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to

11  file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

12  must be followed and the standards that will be applied when a Party seeks permission from the

13  Court to file material under seal.

14  **2.**     **DEFINITIONS**

15          2.1     Challenging Party: a Party or Non-Party that challenges the designation of

16  information or items under this Order.

17          2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is

18  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19  of Civil Procedure 26(c).

20          2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

21  well as their support staff).

22          2.4     Designated House Counsel: For each Party, up to two House Counsel who may be

23  provided access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in

24  this matter.

25          2.5     Designating Party: a Party or Non-Party that designates information or items that it

26  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, or a Party's affiliate, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium and their employees and subcontractors.

2.15     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.16     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

**3.     <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews
of this action, including the time limits for filing any motions or applications for extension of time
pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

       5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party
or Non-Party that designates information or items for protection under this Order must take care
to limit any such designation to specific material that qualifies under the appropriate standards. At
the reasonable request of any Party, the Designating Party must designate for protection, in a
specific document or set of documents, only those parts that qualify for protection under this
Order, so that other portions of the material, documents, items, or communications for which
protection is not warranted are not swept unjustifiably within the ambit of this Order.

       Mass, indiscriminate, or routinized designations are prohibited. Designations that are
shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
unnecessarily encumber or retard the case development process or to impose unnecessary
expenses and burdens on other Parties) expose the Designating Party to sanctions.

       If it comes to a Designating Party's attention that information or items that it designated
for protection do not qualify for protection at all or do not qualify for the level of protection
initially asserted, that Designating Party must promptly notify all other Parties that it is
withdrawing the mistaken designation.

       5.2      Manner and Timing of Designations. Except as otherwise provided in this Order
(see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
designated before the material is disclosed or produced.

       Designation in conformity with this Order requires:

              (a)      for information in documentary form (e.g., paper or electronic documents,
but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Case Nos.: 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD
[PROPOSED] PROTECTIVE ORDER

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after the transcript of the proceedings becomes available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If affixing the appropriate legend on a container is not feasible, the Designating Party shall find another means to identify the information, for example through a cover letter or other communication.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

sanctions. All Parties shall continue to afford the material in question the level of protection to

which it is entitled under the Designating Party's designation until the Court rules on the

challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation, and such Protected Material shall not be used for

any other business purpose, in connection with any other legal proceeding, or for any other

purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons

and under the conditions described in this Order.[1] When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A);

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with the litigation in this action or are assisting outside counsel in preparation for proceedings in this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action that are not otherwise authorized to receive CONFIDENTIAL Information pursuant to Section 7.2(a)-(e) or (g)-(h) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Receiving Parties shall give the Designating Party reasonable notice if they expect to provide a witness, during a deposition, with Protected Material pursuant to this Section 7.2(f). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any current employee of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     Designated House Counsel of the Receiving Party (i) who has no involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this litigation, (iii) who has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (iv) as to whom, at least 14 days prior to the disclosure of any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, the Party that seeks to disclose to Designated House Counsel has disclosed to the Designating Party (1) the full name of the Designated House Counsel and the city and state of his or her primary place of work, and (2) the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.  If a Party objects to the Designated House Counsel, that Party must do so in writing within 14 days of the identification of the Designated House Counsel. The Parties shall meet and confer to try to resolve the matter by agreement within seven days of any such written objection. If no agreement is reached, the Designating Party may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) objecting to the disclosure. For the avoidance of doubt, if the Designating Party has moved the Court to object to the disclosure, no disclosure shall be made until the Court has ruled on such objection.  Documents designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may only be transmitted to Designated House Counsel through a password-

10

protected Secured File Transfer Protocol (SFTP), and the Designated House Counsel must download and store such documents in a secure location that cannot be accessed by others, and shall delete them within 14 days after receipt.  Additional acceptable forms of disclosure of HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents include:  in-person meetings where the documents remain in the possession of Outside Counsel; screen-sharing technology; or through a document review platform with printing and downloading disabled. Notwithstanding the foregoing, summaries, memoranda, drafts, briefs, court filings, expert reports, outlines, and other attorney work product containing HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY Information may be transmitted to Designated House Counsel via corporate/firm e-mail accounts; provided, however, exhibits to the foregoing that are HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents may not be transmitted via e-mail.

        (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)     the Court and its personnel;

        (e)     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (g)     any current employee of the Designating Party.

7.4    ***Purposefully Left Blank.***

**8.** *Purposefully left blank.*

**9.** **SOURCE CODE**

        (a)     To the extent the production of source code becomes necessary, the Parties reserve their rights to modify this order as necessary to protect such materials and information, and the Parties shall meet and confer in good faith regarding such modifications.  No Party will be required to produce source code until modifications to this order relating to the protection of source code have been entered by the Court.

**10.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

        If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

        (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b)     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

        If the Designating Party timely[3] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or other tribunal from which the subpoena or order issued.
[3] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order, unless a shorter period applies under the rules of the Court or other tribunal from which the subpoena or order issued, in which case such rules shall apply.

Case Nos.: 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD
[PROPOSED] PROTECTIVE ORDER

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court or other tribunal from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other tribunal of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or tribunal with appropriate jurisdiction.

**11.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court

within 14 days of receiving the notice and accompanying information, the Receiving Party may

produce the Non-Party's confidential information responsive to the discovery request. If the Non-

Party timely objects or seeks a protective order, the Receiving Party shall not produce any

information in its possession or control that is subject to the confidentiality agreement with the

Non-Party before a determination by the Court.[4] Absent a Court order to the contrary, the Non-

Party shall bear the burden and expense of seeking protection in this Court of its Protected

Material.

## 12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is

subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

modify whatever procedure may be established in an e-discovery order that provides for

production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e),

the production of a privileged or work-product-protected document is not a waiver of privilege or

protection from discovery in this case or in any other federal or state proceeding. For example,

the mere production of privileged or work-product-protected documents in this case as part of a

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] PROTECTIVE ORDER

Case Nos.: 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD

mass production is not itself a waiver in this case or any other federal or state proceeding.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control.</u> Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Upon notice that a Party seeks to remove certain Protected Material from the United States, the Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

1   Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the

2   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

3   79-5(e)(2) unless otherwise instructed by the Court.

4          14.5    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of

5   this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

6   Protective Order, even if prior to entry of this Order by the Court.

7   **15.    <u>FINAL DISPOSITION</u>**

8   Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

9   Party must return all Protected Material to the Producing Party or destroy such material. As used

10  in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

11  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

12  the Protected Material is returned or destroyed, the Receiving Party must submit a written

13  certification to the Producing Party (and, if not the same person or entity, to the Designating

14  Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

15  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

16  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

17  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

18  archival copy of all pleadings, motions and trial briefs (including all supporting and opposing

19  papers and exhibits thereto), written discovery requests and responses (and exhibits thereto),

20  deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced

21  into evidence at any hearing or trial, and their attorney work product which refers or is related to

22  any CONFIDENTIAL and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23  information for archival purposes only. Any such archival copies that contain or constitute

24  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

25  **IT IS SO ORDERED.**

26  DATED: _____     _____
                                        HON. JAMES DONATO
27                                       United States District Court Judge

28                                                   16              Case Nos.: 3:20-cv-05671-JD;
                                                                  3:20-cv-05761-JD; 3:20-cv-05792-JD
                                              [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

17

[PROPOSED] PROTECTIVE ORDER

Case Nos.: 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD