# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CARR, *et al.*; | 3:20-cv-05761-JD |
| vs. | |
| GOOGLE LLC | |
| *Consolidated With:* | 4:20-cv-07079-JD |
| BENTLEY, *et al.*; | |
| vs. | **[PROPOSED] ORDER GRANTING MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| GOOGLE, LLC | |
| Related Actions: *Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD *Pure Sweat Basketball, Inc. v. Google, LLC*; 3:20-CV-05792-JD *Peekya App. Serv., Inc. v. Google LLC, et al.*; 3:20-CV-06772-JD | |

In this consolidated antitrust class action brought on behalf of consumer plaintiffs ("Consumer Class"), the Court has reviewed Plaintiffs' Motion to Appoint Interim Class Counsel. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Korein Tillery LLC and Bartlit Beck LLP as co-lead Interim Class Counsel for the Consumer Class. Interim Class Counsel meet the requirements for appointment of class counsel in Federal Rule of Civil Procedure 23(g)(1) because they have performed substantial work on behalf of the putative Consumer Class, facilitated the consolidation of separate actions on behalf of the Consumer Class, and possess the knowledge, experience, and resources necessary to effectively represent the Consumer Class.

The Court also appoints the firm of Milberg Phillips Grossman LLP, by and through its attorney Peggy Wedgworth, as Discovery Liaison for the Consumer Class, and the firm of Pritzker Levine, by and through its attorney Elizabeth Pritzker, as Liaison Counsel to further facilitate the efficient and effective representation of the Consumer Class.

## AUTHORITY AND RESPONSIBILITIES

1.      Interim Class Counsel have complete authority to conduct all pretrial and trial work, including settlement discussions; provided, however, that no co-lead firm from among the those appointed shall initiate or engage in settlement discussions without the other co-leads' consent. For the sake of illustration (and not limitation), Interim Class Counsel have the final word on and responsibility for all common discovery issues, service of pleadings and filings, stipulations, briefs and arguments, court hearings and appearances, communications with opposing counsel and the Court, expert retention and reports, trial and appeals arising in the course of litigation before this Court (*e.g.,* class certification decisions), as well as work assignments, billing records and fee issues, and overall case strategy, scheduling, and management for the putative developer class. Opposing counsel may rely on the conduct and representations of Interim Class Counsel for any issue in the litigation.

2.      Interim Class Counsel also have complete authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense record keeping policies; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without Interim Class Counsel's authorization.

## FEES, COSTS, AND EXPENSES

3.      Interim Class Counsel are expected to be vigilant in ensuring the efficient and economical prosecution of this matter. A request for an award of fees and costs may be based only on records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, Interim Class Counsel will ensure that the following practices are adhered to by all counsel who perform work on behalf of the putative class:

a.      At the close of each calendar month, Interim Class Counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, Interim Class Counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by Interim Co-Lead Class Counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by Interim Class Counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

b.      Time will be recorded in one-tenths of an hour.

c.      Block-billing time records are not permitted. Timekeepers must itemize the time expended on specific tasks in sufficient detail to ascertain whether the amount of time spent performing those tasks was reasonable.

d.      Interim Class Counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, no more than two lawyers should bill for attendance at most fact depositions. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by Interim Class Counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

e.      Domestic air travel of less than six hours should be billed at coach class rates regardless of the class flown. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

f.      When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

P a g e | 3 ORDER APPOINTING INTERIM CLASS COUNSEL

1      g.      Failure to adhere to these guidelines – or the spirit animating them – will

2   result in the exclusion of consideration for the relevant fee or cost request.

3

4   IT IS SO ORDERED.

5   Dated: _____                _____

6                                                  Hon. James Donato
                                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28