George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Robert E. Litan *(pro hac vice)*
  rlitan@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Jonathon D. Byrer *(pro hac vice)*
  jbyrer@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Jamie Boyer *(pro hac vice)*
  jboyer@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Karma M. Giulianelli, CA Bar #184175
  karma.giulianelli@bartlitbeck.com
Glen E. Summers, CA Bar # 176402
  glen.summers@bartlitbeck.com
Jameson R. Jones *(pro hac vice)*
  Jameson.jones@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St. Suite 1200,
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140
*Attorneys for Plaintiffs and the Proposed
Class in Carr v. Google, LLC, et al.*

Peggy J. Wedgworth *(pro hac vice)*
  pwedgworth@milberg.com
Robert A. Wallner *(pro hac vice)*
  rwallner@milberg.com
Elizabeth McKenna *(pro hac vice)*
  emckenna@milberg.com
Blake Yagman *(pro hac vice)*
  byagman@milberg.com
Michael Acciavatti *(pro hac vice)*
  macciavatti@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
*Counsel for Plaintiffs and the Proposed Class
in Bentley v. Google LLC, et al.*

Elizabeth C. Pritzker
  ecp@pritzkerlevine.com
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
*Counsel for Plaintiffs and the Proposed Class
in Carroll v. Google, LLC, et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MARY CARR, *et al.*,<br>                    Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC, *et al.*,<br><br>                    Defendants. | CASE NO. 3:20-CV-05761 JD<br><br><br>*Consolidated with*<br><br><br><br>CASE NO. 5:20-CV-07079 |
| DIANNE BENTLEY, *et al.*,<br>                    Plaintiffs,<br>vs.<br>GOOGLE, LLC, *et al.*,<br>                    Defendants. | **PLAINTIFFS' STATEMENT RE: CONSOLIDATION OF CONSUMER CLASS ACTION COMPLAINTS**<br>*Related Actions:*<br>*Epic Games, Inc. v. Google, LLC*; 3:20-CV-05671-JD<br>*Pure Sweat Basketball, Inc. v. Google, LLC*; 3:20-CV-05792-JD<br>*Peekya App. Serv., Inc. v. Google LLC, et al.*; 3:20-CV-06772-JD<br>*McNamara v. Google, LLC, et al.*; 3:20-CV-07361-JD<br>*Carroll v. Google, LLC, et al.;* 3:20-CV-07379-JD<br>*Herrera v. Google, LLC, et al.*; 5:20-CV-07365 |

## INTRODUCTION

On October 29, 2020, the Court ordered counsel for Plaintiff Carr to coordinate consolidation of all pending and incoming consumer class actions into a single complaint. (*Carr* Dkt. 65, Notes & Order at ¶1). This Statement provides an update on those efforts. As explained below, counsel for three of the five consumer class actions (*Carr, Bentley* and *Carroll*) have agreed to file a First Amended Consolidated Class Action Complaint. Unfortunately, despite multiple attempts, counsel for *Herrera* and *McNamara* will not meaningfully discuss consolidation. Accordingly, Plaintiffs seek leave to: (1) file a First Amended Consolidated Class Action Complaint on behalf of *Carr, Bentley* and *Carroll*; (2) re-file the Motion to Appoint Interim Lead Counsel; (3) set a timeline for responsive pleadings in the consumer actions; and (4) any further relief the Court deems just and appropriate.

**BACKGROUND**

**I.    PROCEDURAL STATUS**

There are five consumer class actions related before this Court:

(1)    *Carr v. Google, LLC,* 3:20-CV-05761, filed on August 18, 2020 ("*Carr*");

(2)    *Bentley v. Google, LLC,* 5:20-CV-07079, filed on October 9, 2020 ("*Bentley*");

(3)    *McNamara v. Google, LLC*, 3:20-CV-07361, filed on October 20, 2020 ("*McNamara*");

(4)    *Herrera v. Google, LLC, et al.*; 5:20-CV-07365, filed on October 20, 2020 ("*Herrera*"); and

(5)    *Carroll v. Google, LLC,* 3:20-CV-07379, filed on October 21, 2020 ("*Carroll*").

On October 21, 2020, counsel for *Carr* and *Bentley* filed a Consolidated Class Action Complaint. (*Carr* Dkt. 55). Additionally, two other putative consumer class actions have been filed in the Northern District of California: (1) *Roberts v. Google, LLC*, 4:20-CV-07824 (filed 11/5/20), and (2) *Gamble v. Google, LLC*, 3:20-CV-07984 (filed 11/12/20). Counsel in *Roberts* has not moved to relate that case to these proceedings. In *Gamble*, Magistrate Nathanael M. Cousins entered a *Sua Sponte* Judicial Referral for Purposes of Determining Relationship of Cases on November 13, 2020, and asked this Court to consider whether *Gamble* should be related to *Epic*. (*Epic* Dkt. 90).

On October 26, 2020, counsel for *Carr* and *Bentley* spoke with counsel for *Herrera, McNamara* and *Carroll.* (Ex. 1, Zelcs Decl. at ¶3). The call's purpose was proposed consolidation of the consumer class actions and interim leadership of that class. (*Id.*) Counsel for *Carroll* agreed to join a consolidated action. (*Id.*) Agreement could not be reached with counsel for *Herrera* or *McNamara*. (*Id.*) Accordingly, *Carr, Bentley* and *Carroll* will be referred to as the "Consolidated Consumer Class."

**II.    EFFORTS AT CONSOLIDATION**

On October 29, 2020, the Court tasked counsel for Plaintiff Carr with coordinating the consolidation of all pending and incoming consumer class actions into a single complaint. (*Carr* Dkt. 65, Notes & Order at ¶1). Beginning that very day, George Zelcs, an attorney for the *Carr* plaintiffs, reached out to Laurence King at Kaplan, Fox & Kilsheimer ("Kaplan Fox"), counsel for the *Herrera* plaintiffs, via telephone. (Ex. 1, Zelcs Decl. at ¶4). Mr. Zelcs spoke with Mr. King and informed him of the Court's order. (*Id.* at ¶5). He asked Mr. King if he would be willing to incorporate the *Herrera* plaintiffs

into the existing Consolidated Class Action Complaint. (*Id.*) Mr. King advised he would speak with his client and be in touch. (*Id.*) Hearing nothing, Mr. Zelcs followed up with Mr. King on November 2, 2020, and received no response. (*Id.* at ¶6). Mr. Zelcs followed up again on November 9, 2020. (*Id.* at ¶7). Mr. King answered that he was still analyzing the situation. (*Id.*) To date, neither Mr. King nor any other attorney at Kaplan Fox has provided a meaningful response to Mr. Zelcs' proposal nor have they proposed an alternative course of action. (*Id.* at ¶8).

Attempts to work with counsel for *McNamara* met a similar end. On November 6, 2020, Mr. Zelcs left a voicemail for Elizabeth Castillo of Cotchett Pitre & McCarthy, LLP ("Cotchett"), counsel for the *McNamara* plaintiffs. (*Id.* at ¶9). He received no response. (*Id.*) He followed up via email on November 9, 2020, and again received no reply. (*Id.* at ¶10). Mr. Zelcs sent yet another email on November 11, 2020. (*Id.* at ¶11). That day, Ms. Castillo answered that she was occupied with other matters and copied another partner at Cotchett, Mark Molumphy. (*Id.*) Mr. Zelcs promptly replied that same day asking for a time to speak with one or both of them. (*Id.* at ¶12). No response was received until five days later, on November 16, 2020. (*Id.* at ¶12-13). That day, Mr. Molumphy responded they were analyzing other complaints and asked if Mr. Zelcs was available to speak "later in the week." (*Id.* at ¶13). Mr. Zelcs responded roughly 30 minutes later, confirmed he was available to speak and asked Mr. Molumphy to suggest a time he was available. (*Id.* at ¶14). As of this filing, no response has been received from Mr. Molumphy, Ms. Castillo or any other attorney at Cotchett. (*Id.* at ¶15).

## III.   MDL MOTION

In the meantime, on October 30, 2020, another consumer class action was filed in the United States District Court for the District of Columbia, *Paige v. Google, LLC*, 1:20-CV-03158. Shortly thereafter, on November 5, 2020, plaintiffs' counsel in *Paige* filed a Motion for Transfer and Consolidation of Related Actions Pursuant to 28 U.S.C. §1407 ("MDL Motion") before the Judicial Panel on Multidistrict Litigation. (Ex. 2, Mot. for Transfer & Consolidation). The MDL Motion sought consolidation and transfer of 11 allegedly related cases, including the eight currently proceeding before this Court (collectively "Related Actions") [1], as well as *In re Google Digital Advertising Antitrust*

---

[1] The Related Actions are *Carr, Bentley, Herrera, McNamara* and *Carroll*, as well as *Epic Games, Inc. v. Google, LLC*, 3:20-CV-05671, *Pure Sweat Basketball, Inc. v. Google, LLC*, 3:20-CV-05792 ("*Pure Sweat Basketball*"), and *Peekya App. Serv., Inc. v. Google LL*, 3:20-CV-0677 ("*Peekya*").

*Litigation*, 5:20-cv-03556 (N.D. Cal.), *U.S., et al. v Google LLC*, 1:20-cv-03010 (D.D.C.), and *Paige v. Google LLC*, 1:20-cv-03158 (D.D.C.), to the Honorable Amir S. Mehta of the United States District Court for the District of Columbia. *(Id.)* A supplement to the MDL Motion was filed on November 13, 2020, withdrawing the request to consolidate *U.S., et al. v. Google, LLC* because government proceedings cannot be part of an MDL. *See* 28 U.S.C. §1407(g) (2020).[2]

Responses to the MDL Motion are due on or before November 27, 2020. (Ex. 3, MDL Dkt. 4, Not. of Filing & Publication of Briefing Schedule). Reply briefs are due on or before December 4, 2020. (*Id.*) Multiple parties – including the Developer Class (*Pure Sweat Basketball* and *Peekya*) and Epic Games, Inc. – will oppose the MDL Motion on the basis that coordination is already occurring in this Court and the parties wish to try these cases as quickly as possible.

## DISCUSSION

The Consolidated Consumer Class immediately moved to implement the Court's consolidation directive, to maximize efficiency and facilitate the fast-paced schedule discussed during the October 29, 2020 case management conference. As described above, counsel for the Consolidated Consumer Class made multiple good faith attempts to confer with counsel for *Herrera* and *McNamara*. For reasons known only to those attorneys, they stalled for time instead of discussing consolidation in accordance with the Court's Order. When considered in conjunction with the MDL Motion, the conduct of counsel for *Herrera* and *McNamara* suggests a procedural gambit intended to secure a leadership role for the consumer class.

The Consolidated Consumer Class submits it is not mere coincidence that counsel for *Herrera* and *McNamara* declined to meaningfully discuss consolidation or participate in scheduling discussions among counsel for the Related Actions at the exact same time the *Paige* complaint (which is a near identical replica of *McNamara*) was being filed, then promptly followed by the MDL Motion. This behavior certainly suggests that counsel for *Herrera* and *McNamara* are hoping an MDL triggers a

---

[2]  Subsection (g) provides: "Nothing in this section shall apply to any action in which the United States is a complainant arising under the antitrust laws. 'Antitrust laws' as used herein include those acts referred to in the Act of October 15, 1914, as amended (38 Stat. 730; 15 U.S.C. 12), and also include the Act of June 19, 1936 (49 Stat. 1526; 15 U.S.C. 13, 13a, and 13b) and the Act of September 26, 1914, as added March 21, 1938 (52 Stat. 116, 117; 15 U.S.C. 56); but shall not include section 4A of the Act of October 15, 1914, as added July 7, 1955 (69 Stat. 282; 15 U.S.C. 15a)."

procedural reset that nullifies their late-filing status and failure to meaningfully participate in the considerable scheduling and discovery work done by counsel for the Consolidated Consumer Class, the Developer Class, Epic and Google. This would, in turn, place counsel for *Herrera* and *McNamara* on much firmer footing to contest interim leadership of the consumer class.

Whatever their motivation, this procedural gambit is now preventing the Consolidated Consumer Class from moving forward with responsive pleadings and staying on track with the other Related Actions. The Class cannot wait indefinitely while counsel for *Herrera* and *McNamara* continue to "analyze" complaints, stall with vague agreements to talk in the future and only communicate at intervals of a week or more.  Nearly three weeks have passed this way already. Based on the foregoing, counsel for the Consolidated Consumer Class does not believe further efforts at voluntary consolidation with *Herrera* or *McNamara* would be fruitful.

Additionally, with more consumer class actions being filed each day, appointing interim lead class counsel at this time would ensure the smooth integration of those matters into the existing schedule and discovery structure governing the Related Actions. Having interim lead counsel in charge would maximize coordination, communication, and efficiency for the parties and the Court. *See, e.g., Olosoni v. HRB Tax Grp., Inc.*, 2019 WL 7576680 (N.D.Cal. 11/5/19) (appointing interim lead counsel where a nearly identical suit was filed in another district, finding that "appointment of interim counsel here is not premature and will further the fair and adequate representation of the putative class by clarifying who is responsible for their interests.")

## REQUEST FOR RELIEF

For the foregoing reasons, the Consolidated Consumer Class respectfully requests: (1) leave to file a First Amended Consolidated Class Action Complaint on behalf of *Carr, Bentley* and *Carroll*; (2) leave to re-file their Motion to Appoint Interim Lead Counsel; (3) a timeline for responsive pleadings in the consumer actions and (4) any further relief the Court deems just and appropriate.

Respectfully submitted,

By: */s/ Jamie L. Boyer*
**KOREIN TILLERY, LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
Jameson R. Jones (*pro hac pending*)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
*Counsel for Plaintiffs in Carr v. Google LLC, et al.*

By: */s/ Peggy J. Wedgworth*
**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)
Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)
Blake Yagman (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
Facsimile: 212-868-1229
pwedgworth@milberg.com
rwallner@milberg.com
emckenna@milberg.com
byagman@milberg.com
macciavatti@milberg.com
*Counsel for Plaintiffs in Bentley v. Google LLC, et al.*

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (146267)
**PRITZKER LEVINE, LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
*Counsel for Plaintiffs and the Proposed Class in Carroll v. Google, LLC, et al.*

1

## **CERTIFICATE OF SERVICE**

2      The undersigned certifies that a true and correct copy of the foregoing was served on November

3  17, 2020 upon all counsel of record via the Court's electronic notification system.

4

5                                                                         *Jamie L. Boyer*_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28